UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
United States Magistrate Judge  Federal Square, Newark, NJ  07101
                                 (973) 645-6596

October 12, 2006

**LETTER OPINION & ORDER**

Leon A. Stevens, pro se
Hudson County Correctional Center
35 Hackensack Ave.
Kearney, NJ 07032

**RE: Stevens v. Hudson County Correctional Center Officer Pilino Lopez et al.
Civil Action No. 06-3697 (FSH)**

Dear Litigants:

The Court is in receipt of plaintiff Leon A. Stevens' request for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), filed September 29, 2006.  For the reasons set forth below, the plaintiff's request is denied.

**BACKGROUND**

The plaintiff is currently confined in the Hudson County Correctional Center in Kearney, New Jersey.  On August 8, 2006, plaintiff filed the Complaint and an application to proceed in forma pauperis ["IFP"].  He alleges that on June 2, 2006 the defendants violated his civil rights when they used excessive force against him while he was handcuffed, resulting in a severe nose bleed and a completely shut left eye.  See Compl. at ¶ 6.  The plaintiff also alleges that the defendants denied him medical attention, confined him in a room with three inches of water, and tampered with his meals.  See Compl. at ¶ 6.

On August 30, 2006, the Court granted plaintiff's IFP application.  See Docket Entry No. 2.  On September 29, 2006, the plaintiff filed this application for the appointment of counsel. See Docket Entry No. 6.  In his application, plaintiff argues that he is entitled to counsel because: (1) he lacks the ability to present an effective case; and (2) he is unable to obtain and afford counsel. [See App. for Counsel at 3].

**DISCUSSION**

There is no constitutional or statutory right to appointed counsel for indigent civil litigants. <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997). District courts have broad discretion in determining whether the appointment of counsel is appropriate. 28 U.S.C. § 1915 (c)(1); <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993).

In considering a request for appointment of counsel, the Court must first assess the threshold matter of ". . . whether the claimant's case has some arguable merit in fact and law." <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498-99 (3d Cir. 2002). If the applicant satisfies this threshold requirement, then the Court should consider the following factors:

(1) the plaintiff's ability to present his case;
(2) the difficulty of the particular legal issues;
(3) the degree to which a factual investigation will be necessary and the ability of the plaintiff to pursue an investigation;
(4) the extent to which a case is likely to turn on credibility determinations;
(5) whether the case will require testimony from expert witnesses; and
(6) the plaintiff's capacity to retain counsel on his own behalf.

<u>Tabron</u>, 6 F.3d at 156-57. The decision to appoint counsel "must be made on a case-by-case basis." <u>Id.</u> Assuming for the purposes of this application that plaintiff's claims have merit, the Court must apply the <u>Tabron</u> factors to the case.

First, the Court must consider whether or not the plaintiff has the ability to present his own case. Generally, courts can consider the plaintiff's education, literacy, prior work experience, and prior litigation experience, as well as plaintiff's ability to understand English. <u>Id.</u> at 156. Here, the plaintiff confirms that he speaks English and his complaint and application for appointed counsel demonstrate that he is literate and able to articulate his claims and requests for relief. <u>See</u> App. for Counsel at 3-4. Moreover, although the plaintiff indicates he needs an attorney because he lacks the ability to present an effective case on his own, <u>id.</u> at 3, a litigant's desire for counsel, alone, is not a sufficient basis to appoint counsel.

Second, the complexity of this case does not warrant the appointment of counsel. The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." <u>Tabron</u>, 6 F.3d at 156 (citing to <u>Maclin v. Freake</u>, 650 F.2d 885, 889 (7th Cir. 1981)). Here, the plaintiff alleges his civil rights were violated when the defendants used excessive force against him, denied him medical attention, and confined him to a room with three inches of water on the floor. The plaintiff's claims do not present any complex legal issues. Rather, they will be judged within a well-developed body of case law. Moreover, the plaintiff's factual allegations are straightforward. Therefore, plaintiff's case does not involve a level of complexity that requires representation by a lawyer. Accordingly, this factor weighs against the appointment of counsel.

Third, although the plaintiff is incarcerated, he is able to conduct a fact investigation using the discovery tools made available to him under the Federal Rules of Civil Procedure. <u>Id.</u> (stating "[t]he court may...consider the extent to which prisoners and other suffering confinement may face problems in pursuing their claim [such as] where the claims are likely to require extensive discovery and compliance with complex discovery rules."). Plaintiff has not described any particular challenges to his ability to conduct discovery. This factor, therefore, militates against appointment of counsel.

Fourth, the Court must consider whether or not a case is likely to turn on credibility determinations. Id. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." <u>See</u> <u>Parham</u>, 126 F.3d at 460. The extent to which this case will rest on credibility determinations is not yet apparent.

Fifth, the Court may appoint counsel where the case will require expert testimony. <u>Tabron</u>, 6 F.3d at 156. Plaintiff's alleged injuries include a severe nose bleed and a completely shut left eye, both of which would be apparent to a lay person. Therefore, expert testimony is not essential to the plaintiff's ability to present his case. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). As such, this factor weighs against appointment of counsel.

Sixth, plaintiff's inability to pay for counsel is an insufficient reason to appoint counsel. Although the plaintiff was granted <u>in</u> <u>forma</u> <u>pauperis</u> status, and has, therefore, been found to be unable to pay filing fees, <u>See</u> <u>Montgomery</u>, 294 F.3d at 505; <u>Parham</u>, 126 F.3 at 461,. and while indigence is a prerequisite for the appointment of counsel, indigency alone does not warrant the appointment of counsel absent satisfying the other <u>Tabron</u> factors. Given the Court's findings with respect to the other factors, appointment of counsel is not appropriate at this time.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's application for the appointment of <u>pro</u> <u>bono</u> counsel.

**SO ORDERED.**

s/Patty Shwartz
United States Magistrate Judge